■ JOSEPH DECKER et al., Respondents-Appellants, v JAMES ZIMMER, Appellant-Respondent.—Judgment unanimously modified on the facts and as modified affirmed without costs, in accordance with the following memorandum: Plaintiffs were awarded $27,947, plus interest, on a theory of quantum meruit as the reasonable value of their services in boarding and caring for defendant's horses. Both parties have appealed, asserting that the court made erroneous findings of fact. We affirm in all respects, save two. We agree with defendant that there was no basis for rejecting his evidence that he paid the $2,541 to Cummings for feed for horses. Defendant's offset figure is accordingly increased from $4,350 to $6,891.

We also agree with plaintiffs, however, that the court erred by granting defendant's full offset figure for feed. The monthly boarding fees listed in the bill of particulars ($70 for mares and $85 for stallions) were less than plaintiffs' customary fees ($85 and $100) because plaintiffs were giving defendant credit for having supplied some feed. Had plaintiffs sought their full customary charge, they would have asked for $32,455 instead of $28,475, and thus it can be seen that plaintiffs gave defendant an offset of $3,980. Defendant is entitled to the remainder of its offset, $2,911. Deducting this figure from plaintiffs' damages as found by the court ($32,297), results in a net judgment for plaintiffs of $29,386 plus interest. (Appeals from judgment of Supreme Court, Erie County, Mintz, J.—breach of contract.) Present—Dillon, P. J., Doerr, Boomer, Green and Davis, JJ.